IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **RANDELL G. POOL,** *Plaintiff,* § § § | |
| v. § § | CASE NO. 6:24-CV-00154-ADA-DTG |
| **STATE FARM LLOYDS** *Defendant* § § § | |

### REPORT AND RECOMMENDATION TO GRANT DEFENDANT STATE FARM LLOYDS'S TRADITIONAL MOTION FOR SUMMARY JUDGMENT (DKT. NO. 9)

**TO:** THE HONORABLE ALAN D ALBRIGHT,
UNITED STATES DISTRICT JUDGE

This Report and Recommendation is submitted to the Court pursuant to 28 U.S.C. § 636(b)(1)(C), Fed. R. Civ. P. 72(b), and Rules 1(d) and 4(b) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Before the Court are the defendant, State Farm Lloyds's traditional motion for summary judgment (Dkt. No. 9) and no-evidence motion for partial summary judgment (Dkt. No. 15). The motions are fully briefed, and the Court finds that a hearing is unnecessary.[1] After careful consideration of the briefs, arguments, and the applicable law, the Court **RECOMMENDS** that the traditional motion for summary judgment be **GRANTED** and the no-evidence motion for partial summary judgment be **DENIED-AS-MOOT**.

---

[1] Both parties are reminded that Local Rule CV-10(a), titled "Form of Pleadings," requires footnotes to be 12-point or larger font and double-spaced unless they are more than two lines long.

## I.  BACKGROUND

This case arises from a first party insurance dispute between Plaintiff Randell G. Pool and Defendant State Farm Lloyds. In 2019, the defendant issued a homeowner's insurance policy to the plaintiff. The policy covered the period between August 6, 2019 and August 6, 2020. Dkt. No. 9-1 at 2 (Exhibit A). On March 8, 2021, the plaintiff filed an insurance claim with the defendant under the policy for damage arising from a storm event. Dkt. No. 9-1 at 75 (Exhibit B). That same day, the defendant opened a claim and determined June 15, 2020 was the date of loss. *Id.* On March 16, 2021, after inspecting the property, the defendant sent the plaintiff a decision letter stating that no evidence of any covered damage to the roof or exterior elevations of the property was found and no payment would be issued for that claim. Dkt. No. 9-1 at 91 (Exhibit C). Over a year later, on April 4, 2022, the plaintiff invoked appraisal under the policy regarding the same claim, and the defendant agreed to participate in the appraisal process. Dkt. No. 9-1 at 93 (Exhibit D), 94 (Exhibit E).

On November 23, 2022, the plaintiff sent the defendant an appraisal award signed by the plaintiff's appraiser and a neutral umpire. Dkt. No. 9-1 at 98 (Exhibit F). In response to the appraisal award, the defendant sent the plaintiff a letter on December 12, 2022 explaining that the award included items which were not covered under the policy. Dkt. No. 9-1 at 105 (Exhibit G). On February 13, 2024, the plaintiff sued the defendant for breach of contract, violations of Chapter 542 of the Texas Insurance Code ("Prompt Payment of Claims Act"), violations of Chapter 541 of the Texas Insurance Code, violations of Chapter 17 of the Texas Business and Commerce Code ("Deceptive Trade Practices Act"), breach of the duty of good faith and fair dealing, and declaratory relief. Dkt. No. 1-1.

The defendant filed a traditional motion for summary judgment arguing that each of the plaintiff's claims accrued on March 16, 2021, when the defendant initially denied the plaintiff's insurance claim. Dkt. No. 9. Based on this accrual date, the defendant contends that the statute of limitations on the plaintiff's causes of action expired on March 17, 2023—nearly one year before the plaintiff filed this lawsuit. Dkt. No. 9. The plaintiff argues that his lawsuit was timely because the causes of action accrued on December 12, 2022, when the defendant rejected the plaintiff's appraisal award. Dkt. No. 10. The defendant also filed a no-evidence motion for partial summary judgment on the plaintiff's extracontractual claims. Dkt. No. 15.

## II.   ANALYSIS

The defendant's motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil Procedure. Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Meadaa v. K.A.P. Enters.*, LLC, 756 F.3d 875, 880 (5th Cir. 2014). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A no-evidence motion for summary judgment is only available in state court. *Taylor v. Dolgencorp of Tex., Inc.*, No. 6:18-cv-00179-ADA, 2020 WL 1902540, at *2 (W.D. Tex. Jan. 2, 2020) (Albright, J.). In federal court, the movant always bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The facts are uncontested. Rather than offering evidence of his own, the plaintiff relies on "the same documents and evidence utilized by State Farm as support for its [response] and … refer[s] and incorporate[s the] same by reference." Dkt. No. 10 at 12. Because there is no genuine

dispute as to any material fact, the Court will analyze whether the defendant is entitled to judgment as a matter of law.

In evaluating the defendant's motion, the Court must determine whether, as the defendant contends, the plaintiff's claims accrued on March 16, 2021, or as the plaintiff argues, the claims accrued on December 12, 2022. Finding that the plaintiff's claims accrued on March 16, 2021, each of the plaintiff's claims are time barred, and the Court will not analyze the defendant's no-evidence motion.

**A. The plaintiff's causes of action accrued on March 16, 2021.**

The Court finds as a matter of law that the plaintiff's causes of action accrued on March 16, 2021, when the defendant denied the plaintiff's insurance claim. A cause of action for breach of a first-party insurance contract accrues on the date the insurer denies the claim. *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 408 (5th Cir. 2016) (citing *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex. 1990)). The same is true for the plaintiff's extracontractual claims based on the first-party insurance contract. *See Knott*, 128 S.W.3d at 221 (applying the same rule to determine accrual of the plaintiff's causes of action for violations of the Texas Insurance Code and breach of the duty of good faith and fair dealing).

**i. The March 16, 2021 letter was an outright denial of the plaintiff's claim.**

Accrual of a cause of action arising from the denial of an insurance claim is triggered by a written notice of denial, or the insurer's closure of the claim if there is no outright denial. *De Jongh*, 664 F. App'x at 408–09 (citations omitted). Unless there is no outright denial of an insurance claim, the date of accrual is a question of law. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (citing *Murray*, 800 S.W.2d at 828 n.2). It is undisputed that the defendant's March 16, 2021 letter to the plaintiff was an outright denial of the plaintiff's insurance claim. *See*

Dkt. No. 10 at 2 (stating that the plaintiff's March 2021 was "denied by State Farm on March 16, 2021" (citing Dkt. No. 9-1 at 91 (Exhibit C))). The plaintiff argues, however, that the limitations period reset after the defendant reopened the plaintiff's claim and denied his appraisal award on December 12, 2022. *Id.* at 91. The Court disagrees. The limitations period may restart if the defendant changed or withdrew its prior denial of the plaintiff's claim. *Pena v. State Farm Lloyds*, 980 S.W.2d 949, 954 (Tex. App.—Corpus Christi 1998, no pet.). The plaintiff does not argue—and case law does not support the position—that the defendant's participation in the appraisal process was inconsistent with the March 16, 2021 denial of his claim.

### ii. The appraisal process did not restart the limitations period.

The defendant's agreement to participate in appraisal did not extend limitations because appraisal is not a change in, or an action inconsistent with, the defendant's previous denial of the plaintiff's claim. The plaintiff argues that his claims are based on the defendant's December 12, 2022 denial of the plaintiff's appraisal award. Dkt. No. 10 at 1–2. The plaintiff contends that limitations could not have expired in March 2023, because the appraisal award was not issued until November 23, 2022. *Id.* at 2. The plaintiff effectively argues that the appraisal award was a new claim that the defendant denied. *See id.* at 7 (arguing that the defendant "issued a new claim denial letter based on the Appraisal Award on December 12, 2022"). The Court is not persuaded by the plaintiff's argument. The defendant's December 12, 2022 was not a denial of a new claim or new information. The appraisal award cannot properly be considered a new claim or new information because appraisal determines the amount of loss, not whether the insurer should pay a claim. *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 890 (Tex. 2009) (explaining that the scope of appraisal is limited to determination of amount of loss, not coverage issues).

Texas case law supports the Court's conclusion. In the context of the Texas Prompt Payment of Claims Act, the Texas Supreme Court has acknowledged that the "use of the appraisal process to resolve a dispute has no bearing on any deadlines or enforcing any missed deadlines." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 817 (Tex. 2019), *superseded by statute on other grounds as stated in Rodriguez v. Safeco Ins. Co. of Ind.*, 684 S.W.3d 789,794 (Tex. 2024). A Texas court of appeals later applied the same reasoning to a claim for breach of an insurance contract in *Abedinia v. Lighthouse Property Insurance Co.* No. 12-20-00183-CV, 2021 WL 4898456 (Tex. App.—Tyler 2021, pet. denied). That case involved wind damage to the plaintiff's home during Hurricane Harvey. *Id.* at *1. The insurer accepted the loss, detailed the amount of compensation owed under the policy, and enclosed a check as payment for the loss. *Id.* The plaintiff believed that his claim was undervalued and he was underpaid, but took no action until over a year later when he hired an attorney. *Id.* The insurer explained that it had no obligation to investigate the claim any further, but because the plaintiff contested the amount of loss, the insurer invoked the policy's appraisal provision. *Id.* On December 30, 2019, the insurer withdrew from the appraisal process because it believed limitations passed on October 14, 2019. *Id.* at *2. The plaintiff filed suit that same day. *Id.* Abedinia argued that the invocation of the appraisal process tolled or reset the limitations period. *Id.* at *4. The court held that because the case involved a single event of damage, the insurer made a clear determination in writing, and the insurer did not depart from this determination, the plaintiff's claims accrued when the claim was first denied. *Id.* at *5. The underlying rationale of these cases applies to the facts here.

The defendant's response to the plaintiff's appraisal demand explicitly stated that "appraisal cannot be used to determine coverage" and that the defendant's investigation including its March 16, 2021 coverage decision will be considered if an appraisal award is received. Dkt.

No. 9-1 at 94 (Exhibit E). In denying the plaintiff's appraisal award, the defendant maintained its March 16, 2021 coverage decision. The appraisal award did not result in any change to the defendant's earlier coverage decision.

Similarly, the reopening or reinvestigation of the plaintiff's claim alone did not restart the limitations period. *See Diais v. Liberty Mut. Ins. Co.*, No. MO:20-CV-00008-DC, 2021 WL 12300177, at *6 (W.D. Feb. 6, 2021) (explaining that a reinvestigation of an insurance claim alone cannot restart the limitations period because that would force an insurer to choose between refusing a request for reconsideration and risking a bad faith claim or considering the request and restarting the limitations period). The defendant, State Farm, agreed to participate in the appraisal process potentially to avoid risking a bad faith claim and expressly reserved all of its rights. Dkt. No. 9-1 at 94 (Exhibit E).

When a claim for a single event that caused damage is denied but later reinvestigated and ultimately denied by the insurance carrier, no tolling or restarting of the statute of limitations occurs. *Abedinia*, 2021 WL 4898456, at *4 (collecting Texas state and federal court decisions holding that an insurer's reconsideration of a plaintiff's claim did not restart the limitations period). After receiving the appraisal award, the defendant maintained its position that the damages were not covered under the policy. The plaintiff has offered no evidence that would allow the Court to conclude that at any point after the defendant issued its March 16, 2021 denial letter, the defendant changed, or acted inconsistently with, its decision to deny coverage for the damages to the plaintiff's property.

The Court finds that the plaintiff had clear notice of the facts giving rise to his causes of action on March 16, 2021. This is a single claim for a single storm event. The defendant made a clear determination in writing on March 16, 2021, explaining that the plaintiff's damages were not

covered under the policy. As reflected by the summary judgment record, at no point after that date did the defendant depart from its March 16, 2021 coverage determination. Because the appraisal process is used to determine the amount of loss—not coverage—appraisal and the defendant's denial of the appraisal demand did not create new facts giving rise to the plaintiff's causes of action. The Court therefore finds that the plaintiff's claims accrued on March 16, 2021.

**B. Each of the plaintiff's causes of action are time barred.**

The statute of limitations on the plaintiff's causes of action expired in March 2023. "[C]laims for breach of the duty of good faith and fair dealing and violations of the Texas Insurance Code must be brought within two years after the cause of action accrues." *De Jongh v. State Farm Lloyds*, 664 F. App'x 405, 407 (5th Cir. 2016). An action under the DTPA "must be commenced within two years after" the date of accrual. Tex. Bus. & Comm. Code Ann. § 17.565. The plaintiff's extracontractual claims therefore expired on March 16, 2023.

The plaintiff's claims for breach of contract expired on March 17, 2023. This claim is governed by a two-year-and-one-day limitations period because the plaintiff's insurance policy specified that contract claims against the defendant must be filed "within two years and a day from the date the cause of action accrues." Dkt. No. 9-1 at 41 (Exhibit A at 23); *see also Abedinia*, 2021 WL 4898456, at *3 (applying a two-year-and-one-day limitations period because the insurance policy had a contractual limitations provision shortening the statute of limitations).

Finally, the plaintiff's claims for declaratory judgment expired on March 16 and March 17, 2023. The plaintiff's declaratory judgment action is based on a violation of the Texas Insurance Code (Prompt Payment of Claims Act) and the defendant's breach of contract. Dkt. No. 1-1 at 26–27 (Plaintiff's Original Petition at ¶ 69). The plaintiff's claim for declaratory judgment based on the Prompt Payment of Claims Act is governed by a two-year statute of limitations. *See Nw. Aus.*

*Mun. Util. Dist. No. 1 v. City of Aus.*, 274 S.W.3d 820, 836 (Tex. App.—Austin 2008, pet denied) (noting that a declaratory judgment action is governed by the statute of limitations for the underlying substantive claim). The plaintiff's claims for declaratory judgment based on the defendant's alleged breach of contract are governed by a two-year-and-one-day limitations period. *See id.*

The undersigned finds that the plaintiff's causes of action accrued on March 16, 2021. The statute of limitations on the plaintiff's causes of action expired in March 2023. Because the plaintiff brought this lawsuit on February 13, 2024, the undersigned **RECOMMENDS** that the Court **GRANT** the defendant's traditional motion for summary judgment. In light of this recommendation, the undersigned **RECOMMENDS** that the defendant's no-evidence motion for partial summary judgment be **DENIED-AS-MOOT**.

### III.   RECOMMENDATION

For the above reasons, it is the **RECOMMENDATION** of the United States Magistrate Judge to the United States District Judge that the defendant, State Farm Lloyds's traditional motion for summary judgment (Dkt. No. 9) be **GRANTED**. The undersigned further **RECOMMENDS** that the defendant's no-evidence motion for partial summary judgment (Dkt. No. 15) be **DENIED-AS-MOOT**.

### IV.   OBJECTIONS

The parties may wish to file objections to this Report and Recommendation. Parties filing objections must specifically identify those findings or recommendations to which they object. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Except upon grounds of plain error, failing to object shall further bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas*, 474 U.S. at 150–53; *Douglass*, 79 F.3d at 1428–29.

**SIGNED** this 30th day of June, 2025.

_____
DEREK T. GILLILAND
UNITED STATES MAGISTRATE JUDGE